Randall S. Leff (SBN 77148)
    rleff@ecjlaw.com
Russell M. Selmont (SBN 252522)
    rselmont@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for PLAINTIFF JULIANA GRIFFO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIANA GRIFFO,<br><br>    Plaintiff,<br><br>v.<br><br>OCULUS VR, INC. AND PALMER LUCKEY,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

COMPLAINT

# COMPLAINT

Plaintiff Juliana Griffo ("Griffo") brings this Complaint against Oculus VR, Inc. ("Oculus") and Palmer Luckey ("Luckey") (collectively, "Defendants"), and in support thereof allege as follows, upon personal knowledge as to themselves and upon information and belief as to all others:

## PARTIES

1. Griffo is an individual residing in New Jersey.

2. Defendant Oculus VR, Inc. ("Oculus") is a Delaware corporation with its principal place of business in Irvine, California, and is the corporate successor of Oculus LLC, a California limited liability company.

3. On information and belief, Luckey is an individual who is the founder of Oculus and resides in Long Beach, California.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and (b) (the Copyright Act).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d), and 1400(a).

## FACTS

6. As a student at the University of Southern California ("USC"), Griffo was enrolled in the Interactive Media Lab Program. From 2009-2012, she worked extensively on virtual reality, culminating in "Shayd," a virtual reality video game that is compatible with 3-D head gear similar to the Defendant's flagship product, "Oculus Rift." In addition to time and labor, Griffo spent thousands of dollars of her own money developing Shayd.

7. On information and belief, Luckey was enrolled in the same program, where he was focused on the development of his project, the Oculus Rift. The Oculus Rift is a head mounted display that must be connected to a PC to enable the user to immerse himself in separately created virtual reality environments. On

information and belief, at the times relevant to the lawsuit, Shayd was one of the only virtual reality games that could be made compatible with the Oculus Rift and thus demonstrate how the device operates.

8. Shortly after Griffo graduated, Luckey requested Griffo's permission to feature Shayd in a video he was making as part of a Kickstarter campaign ("Video") to raise funding for the Oculus Rift. In response, Griffo advised Luckey that she only would consider the request after first having the opportunity to review the video. Luckey never provided Griffo with his intended Video nor responded in any way. Instead, days later, Luckey uploaded his Video to Kickstarter and raised over 2 million dollars

9. The Video prominently displays Shayd as a working example of how Oculus functions and brings 3-D images to the user. The Video makes no mention of the fact that Shayd was an independent project developed by Griffo. Furthermore, the video contained numerous testimonials and endorsements from prominent video game developers, who state that they have used the Oculus Rift and experienced its groundbreaking virtual reality technology. On information and belief, when these developers demoed the Oculus Rift, they did so by using it in conjunction with Griffo's Shayd virtual reality game. Griffo never consented to the use of Shayd in the Video or elsewhere. Moreover, she never provided Luckey or anyone else with the software to make Shayd operable with the Oculus Rift.

10. Despite the fact that Luckey used Shayd to highlight the innovation his hardware would bring to the gaming world, he never compensated Griffo in any way. Accordingly, Griffo brings this action seeking full and fair compensation for Defendants' unlawful use of her intellectual property.

## FIRST CLAIM

Copyright Infringement
(Against Defendants)

11. Griffo repeats and realleges each and every allegation set forth in

1 | paragraphs 1 through 10, above, as though fully set forth herein.

2 |     12.    Griffo is the owner of copyrights in works that are fixed in tangible media of expression and that are the subject of valid and subsisting copyright registrations owned by Griffo. These include, without limitation, the works that are the subject of Registration TX 6-748-913 (the "Works").

    13.    Defendants have reproduced, created derivative works from, distributed, and otherwise infringed upon Grillo's protected Works without Grillo's authorization. Defendants' acts violate Grillo's exclusive rights under the Copyright Act, including without limitation, Grillo's exclusive rights to reproduce its copyrighted Works, to create derivative works from its copyrighted Works, and to distribute its copyrighted Works as set forth in 17 U.S.C. §§ 106 and 501.

    14.    Defendants' infringement (and substantial contributions to the infringement) of Grillo's copyrighted Works is and has been knowingly made without Griffo's consent and for commercial purposes and the direct financial benefit of Defendants. Griffo is informed and believes, and on that basis alleges, that Defendants have failed to exercise their right and ability to supervise the infringing activities of others within their control to refrain from infringing Grillo's Works and have failed to do so in order to deliberately further their significant financial interest in the infringement of Grillo's Works. Accordingly, Defendants have engaged in direct, contributory and vicarious infringement of Grillo's Works.

    15.    By virtue of Defendants' infringing acts, Griffo is entitled to recover her actual damages plus Defendants' profits and all other relief permitted under the Copyright Act.

/ / /

/ / /

/ / /

## SECOND CLAIM

Unjust Enrichment
(Against Defendants)

16. Griffo repeats and realleges each and every allegation set forth in paragraphs 1 through 15, above, as though fully set forth herein.

17. Griffo devoted significant time, money and resources into developing her Shayd virtual reality game.

18. Without Grillo's permission, Defendants willfully used Shayd to showcase their Oculus Rift technology, including prominently featuring Shayd in the Video, and, on information and belief, allowing numerous well-known developers in the video game industry to use the Oculus Rift to play Shayd.

19. On information and belief, the Video featuring Shayd and the endorsements that were based on the use of Shayd were the impetus for Defendants' raising over $2 million through the Kickstarter campaign, which eventually led to Facebook purchasing Oculus for over $2 billion. To date, Defendants have not paid Griffo anything for their unauthorized use of Shayd.

20. By reason of the foregoing, Griffo seeks restitution from Defendants and order from this Court disgorging all revenue, benefits and other compensation wrongfully obtained by Defendants by their improper conduct.

## DEMAND FOR JURY TRIAL

Griffo hereby demands a trial by a jury on all issues so triable by right.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Griffo seeks relief from this Court as follows:

1. That Griffo be awarded, and Defendants be ordered to disgorge, all payments, revenue, profits, monies and royalties and any other benefits derived or obtained as a result of the conduct alleged herein, including without limitation of all

91000.137:2403601.1

5
COMPLAINT

revenues and profits attributable to Defendants' infringements of Grillo's copyrights under 17 U.S.C. §504;

2. That Defendants be ordered to pay exemplary damages in a sum sufficient to punish and make an example of them, and deter them and others from similar wrongdoing;

3. That Defendants pay to Griffo the full cost of this action and her attorneys' fees

4. Any other and further relief as this Court may deem just and proper.

DATED: July 31, 2015

ERVIN COHEN & JESSUP LLP
Randall S. Leff
Russell M. Selmont


By:  /s/ Randall S. Leff
Randall S. Leff
Attorneys for PLAINTIFF JULIANA GRIFFO