KEKER & VAN NEST LLP
DAVID SILBERT (SBN 173128)
dsilbert@kvn.com
MICHAEL S. KWUN (SBN 198945)
mkwun@kvn.com
JULIE DUNCAN GARCIA (SBN 288624)
jgarcia@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendants
OCULUS VR, INC., and PALMER LUCKEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| JULIANA GRIFFO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OCULUS VR, INC., and PALMER LUCKEY,<br><br>　　　　　　Defendants. | Case No. 8:15-cv-01228 DOC (JCGx)<br><br>**REQUEST FOR JUDICIAL NOTICE** |

Defendants Oculus VR, Inc. and Palmer Luckey hereby request that the Court take judicial notice of the fact that the Facebook messages contained in Exhibit 1 to the Declaration of Palmer Luckey (attached hereto as Exhibit A) were sent and received on the dates stamped on the messages.

In evaluating a motion to dismiss, a court may take judicial notice of a fact that is "not subject to reasonable dispute" in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 246 (C.D. Cal. 2006) (citing Fed. R. Civ. 201(b)).  The fact that the messages in Exhibit 1 were sent and received at the times stamped on the messages is not subject to reasonable dispute.  Moreover, the fact that the messages were sent and received at the times indicated is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, such as Luckey's Facebook Messenger inbox.  *See Peace & Freedom Party v. Bowen*, 912 F. Supp. 2d 905, 907 (E.D. Cal. 2012) (taking judicial notice of admission in letter sent to defendant on plaintiffs' behalf), *aff'd sub nom. Lindsay v. Bowen*, 750 F.3d 1061 (9th Cir. 2014); *Datel Holdings, Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (taking judicial notice of "a screen shot from a game showing the requirement that a user update the game" because the fact of the update was capable of accurate and ready determination by placing the video game disc in an Xbox).

Additionally, under the "incorporation by reference" doctrine, a court can take judicial notice of a document attached to a motion to dismiss where the plaintiff's claim depends on the contents of the document and the plaintiff does not dispute the document's authenticity.  *See Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005).  This is so "even though the plaintiff does not explicitly allege the contents of that document in the complaint."  *Id.*   Here, Griffo's fraudulent concealment claim is based on alleged concealments and/or misstatements that Griffo alleges Luckey made to her during the "negotiation

process" that allegedly took place in the few days preceding the launch of the Kickstarter campaign on August 1, 2012. *See* Fourth Am. Compl. ¶ 10. That alleged "negotiation process" necessarily includes these messages, sent on July 28 and July 30, 2012; and Griffo cannot avoid dismissal by selectively relying on some of her communications with Luckey but not others.

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice that the messages contained in Exhibit 1 to the Declaration of Palmer Luckey were sent and received on the dates indicated.

Dated:  November 28, 2016           KEKER & VAN NEST LLP

                                    By: /s/ Michael Kwun
                                        Michael Kwun

                                        Attorneys for Defendants
                                        OCULUS VR, INC., and PALMER
                                        LUCKEY