| | |
|---|---|
| 1 | Randall S. Leff (SBN 77148) |
|   |   *rleff@ecjlaw.com* |
| 2 | Russell M. Selmont (SBN 252522) |
|   |   *rselmont@ecjlaw.com* |
| 3 | **ERVIN COHEN & JESSUP LLP** |
|   | 9401 Wilshire Boulevard, Ninth Floor |
| 4 | Beverly Hills, California 90212-2974 |
|   | Telephone  (310) 273-6333 |
| 5 | Facsimile  (310) 859-2325 |
| 6 | Attorneys for PLAINTIFF JULIANA GRIFFO |

Randall S. Leff (SBN 77148)
  rleff@ecjlaw.com
Russell M. Selmont (SBN 252522)
  rselmont@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for PLAINTIFF JULIANA GRIFFO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| JULIANA GRIFFO,<br><br>      Plaintiff,<br><br>  v.<br><br>OCULUS VR, INC. and PALMER LUCKEY,<br><br>      Defendants. | Case No. 8:15-cv-01228-DOC (JCGx)<br><br>*Hon. David O. Carter*<br><br>**OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:    January 2, 2017<br>Time:   8:30 a.m.<br>Ctrm:   9D<br><br>*Complaint Filed: 7/31/15* |

15546.1:2823918.1

# TABLE OF CONTENTS

I.   LEGAL STANDARD FOR JUDICIAL NOTICE............................................................... 1

II.  THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE FACEBOOK MESSAGES ............................................................................................................................. 2

   A. The Facebook Messages are Not the Types of Documents That Are Judicially Noticeable ................................................................................................ 2

   B. Defendants are Improperly Seeking to Introduce the Contents of the Facebook Messages Rather than the Simple Fact of the Dates They Were Posted ............................................................................................................................ 3

III. THIS COURT SHOULD NOT CONSIDER THE FACEBOOK MESSAGES UNDER THE INCORPORATION BY REFERENCE DOCTRINE ................................. 4

IV.  CONCLUSION ........................................................................................................................ 6

# TABLE OF AUTHORITIES

Cases

*Datel Holdings, Ltd. v. Microsoft Corp.* (N.D. Cal. 2010)
    712 F.Supp.2d 974 ................................................................................................ 2

*Gerritsen v. Warner Bros. Entertainment Inc.* (C.D. Cal. 2015)
    112 F.Supp.3d 1011 .............................................................................................. 6

*Hsu v. Puma Biotechnology, Inc.* (C.D. Cal. 2016)
    2016 WL 5859000 ................................................................................................ 4

*In re Immune Response Securities Litigation* (S.D. Cal. 2005)
    375 F.Supp.2d 983 ................................................................................................ 3

*In re Yahoo Mail Litigation* (N.D. Cal. 2014)
    7 F.Supp.3d 1016 .................................................................................................. 4

*Jimenez v. Domino's Pizza* (C.D. Cal. 2006)
    238 F.R.D. 241 ...................................................................................................... 2

*Knievel v. ESPN* (9th Cir. 2005)
    393 F.3d 1068 ....................................................................................................... 4

*Lee v. City of Los Angeles* (9th Cir. 2001)
    250 F.3d 668 ......................................................................................................... 1

*Peace and Freedom Party v. Bowen* (E.D. Cal. 2012)
    912 F.Supp.2d 905 ................................................................................................ 2

*Rivera v. Philip Morris, Inc.* (9th Cir. 2005)
    395 F.3d 1142 .................................................................................................. 1, 2

*U.S. v. Ritchie* (9th Cir. 2003)
    342 F.3d 903 ......................................................................................................... 5

*Velazquez v. GMAC Mortg. Corp.* (C.D. Cal. 2008)
    605 F.Supp.2d 1049 .............................................................................................. 3

*Walker v. Woodford* (S.D. Cal. 2006)
    454 F.Supp.2d 1007 .............................................................................................. 1

Statutes

FRE 201(b) ....................................................................................................... 1, 2

**TO THE HONORABLE COURT, THE PARTIES AND THE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOT THAT**, pursuant to Federal Rules of Evidence (FRE) Rule 201, Plaintiff hereby objects to Defendants' Request for Judicial Notice in Support of their Motion to Dismiss Plaintiff's Fourth Amended Complaint. In particular, Plaintiff objects to taking judicial notice as to the Facebook messages allegedly sent between Defendant Palmer Luckey and Plaintiff.

Plaintiff objects to the Request for Judicial Notice on the grounds that these documents are not documents that can be judicially noticed and further, are being improperly offered for the truth of their contents as relates to disputed facts, not the mere date of their publication as set forth in the Request for Judicial Notice. Furthermore, to the extent Defendants have conflated the concepts of judicial notice and incorporation by reference, the Facebook messages sought to be judicially noticed also are inappropriate to be considered under that doctrine as well.

## I.     LEGAL STANDARD FOR JUDICIAL NOTICE

Under FRE 201(b), the Court may only take judicial notice of a fact "that is not subject to reasonable dispute because" it is either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The advisory committee notes to FRE 201 "explain that '[a] high degree of indisputability is the essential prerequisite to taking judicial notice of adjudicative facts and that 'the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy.'" *Rivera v. Philip Morris, Inc.* (9th Cir. 2005) 395 F.3d 1142, 1151. FRE 201 "was intended to obviate the need for formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v. Woodford* (S.D. Cal. 2006) 454 F.Supp.2d 1007, 1022. The fact to be judicially noticed must be one that only an unreasonable person would insist on disputing. *Id.* A court may not "take judicial notice of any matter that is in dispute." *Id.*; *see Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 689-690.

/ / /

/ / /

## II. THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE FACEBOOK MESSAGES

### A. The Facebook Messages are Not the Types of Documents That Are Judicially Noticeable

As an initial matter, Defendants have failed to provide any authority that supports its request for judicial notice. The Facebook Messages are not public records or official government records, and do not purport to establish facts that are so well known or authoritatively established as to be essentially indisputable. *See FRE 201; Rivera* at 1150. Rather, Defendants offers these documents to establish facts that are squarely in dispute -- whether or not Plaintiff would have taken legal action to prevent the Video from being uploaded had she known that Defendants had already incorporated Shayd in to the Video and improperly accessed Shayd files and manipulated them to incorporate the Shayd images that appeared in the Video.

Two of the cases cited by Defendants are entirely irrelevant as they involve either "records and reports of administrative bodies" and "public records" (*Jimenez v. Domino's Pizza* (C.D. Cal. 2006) 238 F.R.D. 241, 246), or documents that are "publically available", such as websites, packaging and screen shots from a video game that would appear when any user put the video game in any console (*Datel Holdings, Ltd. v. Microsoft Corp.* (N.D. Cal. 2010) 712 F.Supp.2d 974, 983-985). The Facebook messages in Exhibit 1 are clearly of a different ilk.

The third case, *Peace and Freedom Party v. Bowen* (E.D. Cal. 2012) 912 F.Supp.2d 905, at least involves a communication made by the plaintiff, but the nature of the content sought to be judicially noticed was significantly different than that here. The *Peace and Freedom* court took judicial notice of a letter written by the plaintiff's agent on the specific grounds that it constituted a non-party hearsay admission as to a specific fact (her age) that was ultimately dispositive of her claims. *Id.* at 907 (holding that defendant's refusal to include plaintiff as candidate on presidential ballots did not violate any of her constitutional rights because there was nothing inherently wrong with requirements that candidates be over 35 years of age and letter sought to be judicially noticed was party admission that plaintiff was only 27 years old).

Unlike *Peace and Freedom,* here, there is no relevant factual non-hearsay admission in the

Facebook post -- ie, a statement by Plaintiff that she would not take any legal action if the Video was uploaded -- that could justify judicial reference. Furthermore, nothing in *Peace and Freedom* provides any justification for the inclusion of the message from Defendant Luckey to Plaintiff, since that in no way can be viewed as an admission by Plaintiff. In short, there is no authority proffered by Defendants as to how a Facebook exchange (or even an analogous context of an email or text exchange) is appropriate for judicial notice.

### B. **Defendants are Improperly Seeking to Introduce the Contents of the Facebook Messages Rather than the Simple Fact of the Dates They Were Posted**

Defendants' Request for Judicial Notice purports to seek judicial notice that the Facebook messages "were sent and received on the dates stamped on the messages" (RJN, p. 2) and that "the messages contained in Exhibit 1…were sent and received on the dates indicated" (RJN, p.3). However, even a cursory review of Defendants' Motion to Dismiss makes clear that Defendants are not seeking judicial notice of the specific facts identified in the RJN -- i.e., the date the messages were sent -- but rather, the contents of the messages themselves. Not only do Defendants copy the entirety of both messages into the body of their motion (Motion, p. 7), but they explicitly, and incorrectly, state that the Court can take judicial notice of the "Facebook message exchange between Griffo and Luckey" (Motion, p. 6 and p. 7, fn. 4), even though the **Request for Judicial Notice only seeks notice of the dates and not the contents of the messages.**

Defendants likely intentionally took this approach because they recognized that judicial notice may not be taken of documents to determine a disputed fact. *See e.g. In re Immune Response Securities Litigation* (S.D. Cal. 2005) 375 F.Supp.2d 983, 986 ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute"); *Velazquez v. GMAC Mortg. Corp.* (C.D. Cal. 2008) 605 F.Supp.2d 1049, 1057 ("a court may take judicial notice of the undisputed matters of public record, e.g., the fact that a hearing took place, but it may not take judicial notice of disputed facts stated in the public records"). Defendants have thus effectively tried to mislead this Court into equating the judicial notice of an uncontested and ultimately irrelevant fact -- the date of the messages -- with the contested issue as to whether or

not Plaintiff would have taken legal action had she known the truth of the fraudulently concealed facts.

Defendants have attempted to spin the Facebook exchange in a specific manner in an attempt to prove that Plaintiff would not have taken earlier legal action. (See Motion, p. 7-8) Plaintiff hotly contests Defendants' interpretation, as is evidenced by Plaintiff's explicitly contrary allegations in the Fourth Amended Complaint that she would have taken legal action absent the fraudulent concealment. (Fourth Amended Complaint, ¶ 37). There is simply no justification for this Court to take judicial notice of the entire Facebook message exchange as Defendants have requested in their Motion **but not in the actual Request for Judicial Notice itself** to resolve this disputed factual issue, especially at this early stage of the pleadings.[1]

## III. THIS COURT SHOULD NOT CONSIDER THE FACEBOOK MESSAGES UNDER THE INCORPORATION BY REFERENCE DOCTRINE

"Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Hsu v. Puma Biotechnology, Inc.* (C.D. Cal. 2016) 2016 WL 5859000 at *4. Under the incorporation by reference doctrine, a court may only consider documents whose contents are alleged in the complaint if "the complaint 'necessarily relies' on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested." *In re Yahoo Mail Litigation* (N.D. Cal. 2014) 7 F.Supp.3d 1016, 1023.

Plaintiff's request for incorporation by reference fails for several reasons. First, the Fourth Amended Complaint does not "necessarily rely" on the Facebook exchange. In *Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, the sole case relied upon by Defendants in support of their request for judicial notice, plaintiff's claim was for defamation. In a defamation cause of action, the court "must take into account all parts of the communication that are ordinarily heard or read with it." *Id.* at 1076. Thus, when Knievel alleged that an online photograph of him contained a defamatory caption, **and that photograph and caption were only accessible after first going through a**

---

[1] The Facebook exchange is the type of evidence that may be relevant on a Motion for Summary Judgment but certainly not here.

1 **series of other related photographs,** it was proper for the Court to utilize the incorporation by reference doctrine to review those other photographs because the nature of the defamation claim necessarily put the other accompanying photographs at the core of the dispute. *Id.*

A starkly different situation is present here. The Fourth Amended Complaint states that during a phone conversation in which Defendants asked Plaintiff's permission to use Shayd in the Video, they concealed several material facts. Plaintiff alleged that the duty to not speak half-truths, such as the fact the Video with Shayd images had already been at least partly completed and shown to others, was already incumbent upon Defendants at the time of the phone call. Plaintiff has never previously alleged (and did not need no allege) that the duty to disclose instead arose from the Facebook exchange.[2] In fact, Plaintiff did not make any mention of this Facebook exchange anywhere in the Fourth Amended Complaint. *See U.S. v. Ritchie* (9th Cir. 2003) 342 F.3d 903, 908 (holding that incorporation by reference for documents not attached to complaint is appropriate where "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim", neither of which occurs here).

Not only does the Facebook exchange have nothing to do with the allegations of the Fourth Amended Complaint, but even if Defendants were correct that the "negotiation process" included the Facebook messages, they have nothing to do with whether or not Plaintiff would have taken legal action had there been no fraudulent concealment. Under no circumstances can those allegations in the complaint be viewed to have "necessarily relied" upon the Facebook exchange so incorporation of the messages by reference to prematurely decide that issue is particularly improper. Put more succinctly, there is a clear dispute as to the relevance of the documents so

---

[2] To be clear, Luckey's message to Plaintiff was sent on July 28. Plaintiff received the phone call from Luckey and her faculty advisor the following day on July 29 and Plaintiff did not check her Facebook account or receive Luckey's email until July 30. Thus, the Facebook exchange is irrelevant to determining whether Luckey had a duty to disclose on the July 29 phone call. However, as detailed in the Opposition to the Motion to Dismiss, Plaintiff believes that the Facebook exchange constitutes a separate instance of affirmative fraud or fraudulent concealment. To the extent this Court is willing to consider such arguments now (instead of requiring another pleading to be drafted), Plaintiff acknowledges that judicial notice of the Facebook exchange for the purpose of determining whether that could be sufficient grounds for a fraud claim (as opposed to the claim based on the half-truths told on the earlier phone call) may be appropriate.

1  incorporation by reference is not permitted.

2  Finally, Defendants are trying to use the Facebook exchange to show that Plaintiff would
3  not have taken any legal action, even though Plaintiff has provided concrete allegations that she
4  would have, buttressed by allegations that she immediately sought legal help once learning of the
5  fraud.  In the face of this undeniable dispute, it is improper for the court to use incorporation by
6  reference to determine at this early state whether or not Plaintiff would have in fact taken such
7  legal action as she has alleged.  *See Gerritsen v. Warner Bros. Entertainment Inc.* (C.D. Cal. 2015)
8  112 F.Supp.3d 1011, 1027 fn. 77("To the extent defendants seek to have the court consider the
9  email exchange for the purpose of concluding that Gerritsen does not truly dispute the authenticity
10 of the Assignment Agreement, the court declines to do so. In her opposition, Gerritsen disputes the
11 authenticity of the document; the court must accept her representation that there is a dispute for
12 purposes of applying the incorporation by reference doctrine, and cannot make a credibility
13 finding concerning the matter at this stage.")

14 **IV.**     **CONCLUSION**

15 For the reasons set forth herein, Plaintiff respectfully requests that this Court deny
16 Defendants' Request for Judicial Notice and furthermore, that this Court not consider the
17 Facebook exchange in any fashion in ruling on Defendants' Motion to Dismiss the Fourth
18 Amended Complaint, including but not limited to striking Defendants' argument from line 21 of
19 page 6 through line 3 of page 8.

20 Respectfully submitted.

21 DATED: December 12, 2016          ERVIN COHEN & JESSUP LLP
                                      Randall S. Leff
22                                    Russell M. Selmont

24                                    By:      /s/ Russell M. Selmont
                                      Russell M. Selmont
25                                    Attorneys for PLAINTIFF JULIANA GRIFFO

15546.1:2823918.1

6

OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**CERTIFICATE OF SERVICE**

**CENTRAL DISTRICT OF CALIFORNIA**

*Juliana Griffo v. Oculus VR, Inc., et al.*

*Case No.: 8:15-cv-01228-DFM*

The undersigned certifies that on December 12, 2016, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

By:    /s/ Russell M. Selmont
       Russell M. Selmont