KEKER & VAN NEST LLP
DAVID SILBERT (SBN 173128)
dsilbert@kvn.com
MICHAEL S. KWUN (SBN 198945)
mkwun@kvn.com
LEAH PRANSKY (SBN 302246)
lpransky@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendants
DEFENDANTS VR, INC., and PALMER LUCKEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| JULIANA GRIFFO,<br><br>                              Plaintiff,<br><br>          v.<br><br>OCULUS VR, INC., and PALMER LUCKEY,<br><br>                              Defendants. | Case No. 8:15-cv-01228 DOC (JCGx)<br><br>**DEFENDANTS OCULUS VR, INC.'S, AND PALMER LUCKEY'S ANSWER TO PLAINTIFF JULIANA GRIFFO'S FOURTH AMENDED COMPLAINT**<br><br>Ctrm:       9D<br>Judge:      Hon. David O. Carter |

1133514.03

Defendants Oculus VR, Inc. and Palmer Luckey ("Defendants") answer Plaintiff Juliana Griffo ("Griffo's") Fourth Amended Complaint ("the Complaint") as follows. Anything not expressly admitted is denied.

## PARTIES

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1, and on that basis deny those allegations.

2.     Denied.

3.     Defendants admit that Luckey is a founder of Oculus and that he has a residence in Long Beach, California.

## JURISDICTION AND VENUE

4.     Defendants admit that this Court has subject-matter jurisdiction over copyright law claims. Defendants deny any remaining allegations of paragraph 4.

5.     For the purposes of this lawsuit only, Defendants do not contest venue in this judicial district.

## FACTS

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6, and on that basis deny those allegations.

7.     Defendants admit Luckey worked at the Mixed Reality Lab. Defendants admit that Luckey developed a prototype for the Oculus Rift, and that the Oculus Rift is an Oculus product. Defendants admit that the Oculus Rift is a head mounted display that when connected to a compatible computer enables the user to experience virtual reality. Defendants deny the remaining allegations of paragraph 7.

8.     Defendants admit that Griffo and Luckey met at Mixed Reality Lab. Defendants admit that Luckey was part of the team that paired Shayd with an

1133514.03

HMD and tracking system. Defendants deny the remaining allegations of paragraph 8.

9.   Denied.

10.   Defendants admit that Luckey communicated with Griffo regarding the use of Shayd in the Oculus Kickstarter campaign video. Defendants admit that Griffo's faculty advisor was involved in a phone call between Luckey and Griffo. Defendants admit that, on or around August 1, 2012, the Oculus Kickstarter campaign video was uploaded to Kickstarter. Defendants admit that the Kickstarter campaign raised over 2.4 million dollars. Defendants deny the remaining allegations of paragraph 10.

11.   Denied.

12.   Defendants admit that the Kickstarter video did not state that "Shayd was an independent project developed by Griffo"; however, the Kickstarter page thanked "Juli Griffo and the Shayd team" and included a link to Griffo's website http://www.discovershayd.com. Defendants admit that Griffo was not given monetary compensation in connection with the Kickstarter video. Defendants deny the remaining allegations in paragraph 12.

13.   Denied.

14.   Defendants admit that the Kickstarter video included commentary from video game developers that had used the Oculus Rift. Defendants deny the remaining allegations in paragraph 14.

15.   Defendants deny the allegations in the first sentence of paragraph 15. Defendants deny that Griffo did not provide Luckey with access to the version of Shayd that appears in the Video, and deny that the software was altered. Defendants lack knowledge or information sufficient to form a belief about the precise version of Shayd that Griffo "used in her thesis presentation," and on that basis deny any remaining allegations in the second sentence of paragraph 15.

1133514.03

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 regarding Griffo's actions or state of mind, and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and on that basis deny those allegations.

18.     Defendants admit that an article published on www.eurogamer.net that is dated August 4, 2012, attributed the following question and response to an interview of Luckey by Richard Leadbetter:

> **Digital Foundry:** At what point did the potential of the Rift become "real" to you? Were there any specific demos you created before Carmack's Doom 3 BFG Edition work came along?
>
> **Palmer Luckey:** The potential has been real to me since last summer, perhaps earlier. That is when I created the first prototypes of the design that has become the Rift, and I knew that this was it, this was how to solve the problem of high FOV. I am not a software developer myself, just a hardware guy, but two projects that I had early involvement with are Shayd, created by Juli Griffo and Wild Skies, a game being done by the Project Holodeck team - both of which are specifically targeted at VR hardware. Shayd was actually shown in the Kickstarter video - experiencing that for the first time last year was what convinced me that I had to make this something people could see for themselves.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the success of the Kickstarter campaign "made it much easier for Defendants to raise money from venture capitalists." As to the remaining allegations in paragraph 19, denied.

20.     Defendants admit that, on or around March 25, 2014, Facebook entered into an agreement to acquire Oculus VR, Inc. that provided for total payments of approximately 2 billion dollars in cash and stock. Defendants deny the remaining allegations in paragraph 20.

1133514.03

21.     Defendants admit that Griffo has not been given monetary compensation in connection with the Kickstarter video. Defendants deny the remaining allegations in paragraph 21.

## FIRST CLAIM – COPYRIGHT INFRINGEMENT

22.     Defendants incorporate by reference their responses to the allegations of paragraphs 1 through 21.

23.     Defendants admit that Griffo claims to be the Copyright Claimant on Copyright Registration TX 6-748-913. Defendants deny that Copyright Registration TX 6-748-913 is valid. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23, and on that basis deny those allegations.

24.     Defendants admit that Griffo claims to be the Copyright Claimant for the Shayd Computer Code (Registration Number TXu001979872), the Shayd Virtual Reality Game (Registration Number VAu001238797), and the Shayd Characters (Registration Number VAu001238797). Defendants deny that Copyright Registrations TXu001979872, VAu001238797, and VAu001238797 are valid. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 24, and on that basis deny those allegations.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Paragraph 29 contains no factual allegations to which a response is required, but to the extent a response is required, denied.

## SECOND CLAIM – FRAUDULENT CONCEALMENT/OMISSION

30.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 30 contains no factual allegations to which a response is required.

31.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 31 contains no factual allegations to which a response is required.

32.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 32 contains no factual allegations to which a response is required.

33.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 33 contains no factual allegations to which a response is required.

34.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 34 contains no factual allegations to which a response is required.

35.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 35 contains no factual allegations to which a response is required.

36.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 36 contains no factual allegations to which a response is required.

37.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 37 contains no factual allegations to which a response is required.

38.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 38 contains no factual allegations to which a response is required.

1133514.03

39.     Griffo's claim for fraudulent concealment/omission, as described in paragraphs 30-39, was dismissed with prejudice. Thus, paragraph 39 contains no factual allegations to which a response is required.

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT
Case No.  8:15-cv-01228 DOC (JCGx)

1133514.03

## **PRAYER FOR RELIEF**

Defendants deny that Griffo is entitled to any relief whatsoever, and specifically denies that Griffo is entitled to the relief demanded in Griffo's Prayer for Relief.

## **DEFENSES**

Defendants assert the following defenses in response to Griffo's Fourth Amended Complaint. By asserting these defenses, Defendants do not concede that they bears the burden of proof with respect to any of them. Defendants also reserve the right to assert additional defenses and/or counterclaims, as additional facts are learned or present themselves through discovery or otherwise during the course of these proceedings.

### **FIRST DEFENSE**
### **(Failure to State a Claim)**

Griffo's Complaint in whole or part fails to state a claim upon which relief can be granted, including, but not limited to, failure of Griffo's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### **SECOND DEFENSE**
### **(Non-infringement of Copyrights)**

Defendants do not infringe and have not infringed the copyrights-in-suit.

### **THIRD DEFENSE**
### **(Fair Use)**

Any alleged use that Defendants made of Griffo's copyrighted material was a fair use that is not actionable.

### **FOURTH DEFENSE**
### **(Acquiescence, Estoppel, and/or Waiver )**

Griffo's claim is barred by one or more of the equitable doctrines of acquiescence, estoppel, and/or waiver.

1133514.03

**FIFTH DEFENSE**
**(Unclean Hands)**

Griffo's requested relief is barred, in whole or in part, by Griffo's unclean hands.

**SIXTH DEFENSE**
**(Copyright Protection Unavailable)**

Griffo's claims are barred, in whole or in part, by the merger doctrine, scenes a faire, and/or other limits on the scope of protection available for the works at issue.

**SEVENTH DEFENSE**
**(Invalid Copyright)**

Griffo's copyrights are invalid.

**EIGHTH DEFENSE**
**(Authorized Use)**

Griffo's claims are barred because Griffo authorized, impliedly or explicitly, Defendants' allegedly infringing use of her works.

**NINTH DEFENSE**
**(License or Consent)**

Griffo's claims are barred by Griffo's license or consent to Defendants' alleged use.

**TENTH DEFENSE**
**(Statute of Limitations)**

Griffo's claims are barred, in whole or part, by the applicable statute of limitations.

**ELEVENTH DEFENSE**
**(Failure to Mitigate)**

To the extent that Griffo suffered any damages, which Defendants expressly deny, Griffo failed to take the steps necessary to mitigate the damages allegedly sustained.

1133514.03

**TWELFTH DEFENSE**
**(Innocent Intent)**

Griffo's claims are barred, in whole or in part, because at all times Defendants were not aware and had no reason to believe that their acts constituted an infringement of copyright.

**THIRTEENTH DEFENSE**
**(*De Minimis* Use)**

Griffo's claims are barred, in whole or in part, because any allegedly unauthorized use of Griffo's copyrighted materials was *de minimis* and does not constitute actionable copyright infringement.

Dated:  February 10, 2017           KEKER & VAN NEST LLP


                                By:  /s/ Michael S. Kwun
                                     Michael S. Kwun

                                     Attorneys for Defendants
                                     DEFENDANTS VR, INC., and PALMER
                                     LUCKEY

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT
Case No.  8:15-cv-01228 DOC (JCGx)

1133514.03