```
 1  KWUN BHANSALI LAZARUS LLP
    MICHAEL S. KWUN (SBN 198945)
 2  mkwun@kblfirm.com
    555 Montgomery St., Suite 750
 3  San Francisco, CA 94111
    Telephone:  415 630 2350
 4  Facsimile:   415 367 1539

 5  KEKER, VAN NEST & PETERS LLP
    DAVID SILBERT (SBN 173128)
 6  dsilbert@keker.com
    LEAH PRANSKY (SBN 302246)
 7  lpransky@keker.com
    633 Battery Street
 8  San Francisco, CA 94111-1809
    Telephone:  415 391 5400
 9  Facsimile:   415 397 7188

10  Attorneys for Defendants
    OCULUS VR, INC., and PALMER LUCKEY
11
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION (SANTA ANA)

| JULIANA GRIFFO, | Case No. 8:15-cv-01228 DOC (MRWx) |
|---|---|
| Plaintiff, | **DECLARATION OF MICHAEL S. KWUN IN RESPONSE TO DKT. 127 AND IN SUPPORT OF UNOPPOSED APPLICATIONS FOR LEAVE TO FILE UNDER SEAL** |
| v. | |
| OCULUS VR, INC., and PALMER LUCKEY, | |
| Defendants. | Ctrm:    9D<br>Judge:   Hon. David O. Carter |

**Declaration of Michael S. Kwun re Sealing**

1. I am a partner at Kwun Bhansali Lazarus LLP, counsel of record for Defendants Oculus VR, Inc. and Palmer Luckey. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth herein.

## I. Background

2. I submit this declaration in response to the Court's order directing Defendants to file specific proposed redactions (Dkt. 127 at 4), and in support of Plaintiff Juliana Griffo's pending applications for leave to file certain materials under seal (Dkt. 107, 121). The Court extended the deadline for filing the proposed redactions to October 8, 2018. Dkt. 129.

3. Defendants previously filed an application to file portions of the Smith Report and the Smith Declaration under seal (Dkt. 99). The Court granted that application. Dkt. 127 at 2. The sealed material references an agreement with a third party, including information related to financial terms of that agreement. The Court agreed that "the privacy of the third party outweighs the public interest in this instance," and that the redactions requested by Defendants in connection with that privacy interest were "narrowly tailored to address this privacy concern." *Id.*

4. Certain of the exhibits at issue in Plaintiff's applications—Exhibits B, Y, and Z—include material that implicates the same agreement. I have discussed those exhibits with counsel for the third party. Counsel has provided me with a declaration, which is being filed simultaneously with my declaration.

## II. Material that Defendants agree may be publicly filed.

5. Defendants do not object to the public filing of Exhibits A, H, K, L, M, N, and O to the Selmont Declaration.

6. Defendants also do not object to the public filing of Exhibit W to the Supplemental Selmont Declaration.

### III. Material for which Defendants propose narrowly tailored redactions.

7. Defendants request that the Court grant leave for portions of Exhibits B, I, and J to the Selmont Declaration to be filed under seal.

8. Defendants also request that the Court grant leave for portions of Exhibits X, Y, and Z to the Supplemental Selmont Declaration to be filed under seal.

9. I am attaching as exhibits to this declaration proposed redacted versions of those six exhibits.

10. I am also attaching *unredacted* versions of those exhibits, with highlighting that indicates the material that Defendants are requesting be filed under seal. Some of the highlights are in yellow, while others are in magenta. The magenta highlights indicate redactions that implicate the rights of the third party who is referenced above in paragraphs 3 and 4.

#### A. Redaction of personal mobile phone numbers.

11. Exhibits I and J to the Selmont Declaration include the mobile phone numbers of individuals, and information from which those numbers can be determined. Defendants request that this information be filed under seal in order to protect the privacy interests of those individuals.

12. No other redactions to Exhibits I and J to the Selmont Declaration are proposed.

#### B. Redaction of information implicating the same privacy interests that the Court has previously recognized.

13. Exhibit B to the Selmont Declaration and Exhibits Y and Z to the Supplemental Selmont Declaration include information that identifies the name of a third party (or from which that third party's identity could be inferred). That third party is the one whose privacy interests I have mentioned above, in paragraphs 3 and 4. These exhibits also include information that relates to the financial interests of that third party.

14. Counsel for the third party has requested and supports the proposed redactions to Exhibit B, which appear in magenta in the attached highlighted version of Exhibit B.

15. Counsel for the third party has also requested and supports the proposed redactions to Exhibits Y and Z that relate to the third party's privacy interests. This material is indicated in the attached highlighted versions of those exhibits using magenta highlighting.

### C. Redaction of additional financial information in Exhibits X, Y, and Z.

16. The Court has indicated that it is highly skeptical of requests to seal relevant financial information, exhibits, and deposition testimony. Defendants also recognize that the exhibits were filed in connection with the opposition to a dispositive motion.

17. Exhibits X, Y, and Z, however, include financial information that goes well beyond any issues raised by the summary judgment motion or the opposition to that motion.

18. Defendants submit that *at most* the information from Exhibits X, Y, and Z that is actually relevant to the summary judgment motion is (a) the total amount of capital raised in each of the Series A and B financing rounds, (b) the entities from whom that capital was raised, (c) the discussion of how revenues from the Kickstarter campaign was treated, (d) key stockholders at the time of the acquisition of Oculus VR by Facebook (accounting for over 90% of the voting interest in Oculus VR at that time), and (e) the percentage of the vote held by those key stockholders at that time.

19. Defendant are not requesting that any of that information be redacted, which already includes far more information than was addressed in any of the briefs filed in connection with Defendants' motion for summary judgment or at the hearing on the motion.

20. Indeed, of that information, the briefs and argument addressed only (a) the total amount of each of the Series A and B financing rounds, (b) Spark Capital's status an investor, (c) the treatment of the revenues from the Kickstarter campaign, and (d) Palmer Luckey's status as a shareholder of Oculus VR.

21. In short, although Defendants are requesting redaction financial information, the proposed redactions do *not* include financial information that was *relevant* to the motion for summary judgment.

22. None of the information in the proposed redactions for Exhibits X, Y, or Z is mentioned in the Court's order regarding the motion for summary judgment.

**IV.  Summary of proposed redactions and reasons for those redactions**

23. The following chart summarizes the redactions that Defendants are requesting, including those that are also requested by the third party.

| Material | Reasons |
| --- | --- |
| Selmont Decl., Exh. B at 267–69 | The redacted material identifies the third party whose privacy interest the Court previously recognized in granting Defendants' application to file portions of the Smith Report and Smith Deposition under seal. The redacted material includes the individual's name, information related to that individual's financial interest, and descriptive information from which the individual could be identified. |

| | |
|---|---|
| | Counsel for the third party has indicated to me that his clients believe this information should be redacted. |
| Selmont Decl., Exh. I | The redacted material identifies the mobile phone number of an individual. |
| Selmont Decl., Exh. J | The redacted material identifies the mobile phone number of an individual. |
| Selmont Decl., Exh. Y at 2-4 | The redacted share and purchase price information implicates third party privacy interests, was not addressed in any of the briefs or argument, and was not cited by the Court in its order regarding the motion.<br><br>In addition, the identity of one shareholder, on page 3 of the exhibit, has been redacted. That redaction identifies a company closely associated with the third party whose privacy interest the Court previously recognized in granting Defendants' application to file portions of the Smith Report and Smith Deposition under seal. The financial interest that company held has also been redacted. |

| | |
|---|---|
| | Counsel for the third party has indicated to me that his clients believe the name of the company and its financial interest should be redacted. |
| Selmont Decl., Exh. Z at 2, 4 | The redacted restricted share information implicates third party privacy interests, was not addressed in any of the briefs or argument, and was not cited by the Court in its order regarding the motion. The redacted material also identifies numerous individuals who are not parties to the case as having had a financial interest in a substantial financial transaction, which implicates the privacy interests of those individuals.<br><br>The redacted material on page 2 also identifies a company closely associated with the third party whose privacy interest the Court previously recognized in granting Defendants' application to file portions of the Smith Report and Smith Deposition under seal. |

| |
|---|
| Counsel for the third party has indicated to me that his clients believe the company name should be redacted. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of October, 2018, at San Francisco, California.

/s/ *Michael S. Kwun*
Michael S. Kwun